In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-21-00179-CV**
_____

**IN RE LONNIE KADE WELSH**

---

**Original Proceeding**
**435th District Court of Montgomery County, Texas**
**Trial Cause No. 15-01-00659-CV**

---

**MEMORANDUM OPINION**

In a mandamus petition, Lonnie Kade Welsh complains that the trial court failed to rule on Welsh's objections to the sufficiency of the evidence supporting a biennial review of his civil commitment as a sexually violent predator and that the trial court failed to rule on Welsh's unauthorized petition for release from civil commitment. Welsh asks this Court to overturn the trial court's biennial review order and compel the trial court to rule on Welsh's unauthorized petition for release from civil commitment. The State filed a response to the petition at this Court's request. And Welsh filed a reply to the State's response.

The mandamus record shows that the trial court signed a biennial review order on October 7, 2020. *See* Tex. Health & Safety Code Ann. §§ 841.101–.102. In its order, the trial court found, "there is no evidence submitted to the Court to date to suggest that sex offender treatment of [Welsh] has resulted in his behavioral abnormality having changed to the extent that [Welsh] is no longer likely to engage in a predatory act of sexual violence." The mandamus record also shows that the trial court signed an order denying Welsh's unauthorized petition for release from civil commitment. *See* Tex. Health & Safety Code Ann. § 841.123.

A writ of mandamus may issue against a district judge to compel the performance of a ministerial act or duty, or to correct a clear abuse of discretion when no adequate remedy by appeal exists. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding). After reviewing the entire record before us, we conclude that the relator has not shown that he is entitled to the relief sought in his petition for a writ of mandamus. Accordingly, we deny the petition for a writ of mandamus.

PETITION DENIED.

PER CURIAM

Submitted on August 11, 2021
Opinion Delivered August 12, 2021

Before Golemon, C.J., Horton and Johnson, JJ.

2